UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) CASE NO. CR21-5251 RSM ) |
| v. | ) ) ORDER DENYING REQUEST TO |
| HUMBERTO FLORES SERNA, | ) REOPEN DETENTION HEARING ) |
|     Defendant. | ) ) |

This matter comes before the Court on Defendant's motion to reopen his detention hearing, based upon the argument that he is not receiving adequate medical care at the Federal Detention Center. Dkt. 29 at 1. The government opposes the motion. Dkt. 32.

The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby DENIES the motion for the reasons stated herein.

**PROCEDURAL AND FACTUAL BACKGROUND**

On June 30, 2021, Defendant was arrested at his residence by agents executing a search warrant. During the course of the execution of the warrant, Defendant was shot in the

ORDER DENYING REQUEST TO REOPEN DETENTION
HEARING
PAGE -1

leg by one of the agents. Defendant was transported to hospital and received medical attention for his wound. Dkt. 32 at 2-3. He was charged by Complaint that day with Prohibited Person in Possession of Firearm. Dkt. 1. On July 2, 2021, a status hearing was held remotely, with Defendant appearing from his hospital room. Dkt. 4. Defendant made his first appearance on July 6, 2021, before the Honorable J. Richard Creatura. Dkt. 8. The government filed a motion for detention, and a hearing was set for July 9, 2021. Dkt. 5, 8, 9. At that hearing, after argument from Defendant and the government, including on the issue of the medical care that Defendant was receiving at the FDC, the Court ordered Defendant detained pending trial. Dkt. 12, 13. Defendant was indicted on the same charge on July 14, 2021. Dkt. 15. An order continuing detention was entered the same day. Dkt. 17.

## DISCUSSION

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). The statute therefore requires that the movant show two things: (1) that he has new information, previously not known to him, and (2) that the new information is material to the detention issue. Courts interpret the reopening provision "strictly". *United States v. Ward*, 63 F. Supp. 2d 1203, 1206 (C.D. Call 1999). "New and material information [under 3142(f)] consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed

circumstances, something unexpected, or a significant event." *United States v. Macpherson*, CR19-5213 BHS, 2020 WL 18122239 at *2 (W.D. Wash. Apr. 9, 2020).

As an alternative to reopening the detention hearing, Defendant has requested temporary release. Temporary release may be granted if the Court determines that release is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The relief authorized by § 3142(i) is to be used "sparingly." *United States v. McKnight*, 2020 WL 1872412 at *2-3, CR18-16-TSZ (W.D. Wash. April 15, 2020).

Here, the Defendant does not challenge the findings of Magistrate Judge J. Richard Creatura that "Defendant's resisting arrest emphasizes his risk to the community", and that Defendant poses a risk of non-appearance because "Defendant is undocumented in this Country." Dkt. 13. The only change in circumstance alleged by Defendant is that he is "not receiving adequate medical care and needs to be seen by his own physicians." Dkt. 29 at 1. This is the same alleged basis for Defendant's request for temporary release.

The medical record belies Defendant's general and specific allegations regarding his medical treatment at the Federal Detention Center. The record demonstrates an ongoing effort by BOP staff to address Defendant's medical needs. On July 7, 2021, Defendant was seen in his cell by a physician and his leg wound was assessed, with pain mediation prescribed. Dkt. 32, Ex. 1 at 24. Follow up consultation with orthopedics was ordered. On July 21, 2021, a physician examined Defendant to assess the leg wound, and his pain medication was addressed. Dkt. 32, Ex. 1 at 22. The following week, on July 29, 2021, Defendant was seen again by a physician to address both the leg wound and cardiac issues.

Dkt. 32, Ex. 1 at 20.   The physician ordered additional medications to address pain and an EKG to investigate Defendant's abnormal heart beat, and requested a consultation with cardiology.   Dkt. 32, Ex. 1 at 20-21.   Additional follow appointments for the cardiac issues were scheduled for August 31 and September 29, 20201.   *Id.*   On August 15, 2021, Defendant's wound was again assessed after Defendant reported pain, swelling and drainage from the wound site.   A nurse practitioner examined the wound and recommended that a that physician assess the wound in case it had become infected.   Dkt. 32, Ex. 1 at 15.   That assessment occurred the following day, August 16, 2021, by a physician, who determined the wound was not infected but administered a steroid injection to address the swelling.   *Id.* at 10.   An x-ray was ordered to evaluate for presence of fractures and/or bullet fragments.   *Id.* at 11.   The notes also indicate that the physician was aware of Defendant's heart condition. Defendant was seen again the next day, August 17, 2021, for reevaluation of his wound. Defendant reported feeling much better, and stated that "it still hurts, but not a lot."   Dkt. 32, Ex. 1 at 6.   It was noted that he had been assigned a bottom bunk for ease of access, but had declined it so he could remain with his current roommate.   *Id.* at 8.   Defendant had x-rays of his left and right hips on August 16 and 18, 2021.   The x-ray of his right hip found multiple shrapnel fragments and mild swelling, but no fractures.   Dkt. 32, Ex. 1 at 52.   Defendant was seen again two days later, on August 20, 2021, after reporting nagging pain.   Dkt. 32, Ex. 1 at 2.   Additional medication was prescribed to address swelling, and the notes reflect an order for an orthopedic consultation was in place.   *Id.*

The record demonstrates that BOP have continued in their efforts to address

ORDER DENYING REQUEST TO REOPEN DETENTION
HEARING
PAGE -4

Defendant's leg injury and associated pain, as well as his heart condition. Defendant's assertions with regard to his medical treatment are not supported by the record and do not constitute a basis for reopening the detention hearing or for temporary release. Courts have rejected claimed medical needs as a basis for release. *See, e.g. United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990)("The evidence of a medical condition presented by Koenig does not indicate an emergency, or a condition that would necessarily inhibit flight").

The Court further finds that Defendant's allegations do not rise to the level of being material to the issue of detention or release when considered in light of the facts relevant to the 18 U.S.C. § 3142(g) factors[1] discussed below.

As set forth in the Complaint, Defendant was found carrying a weapon as law enforcement executed the search warrant at his residence. Dkt. 1. According to the government, a large amount of ammunition was found at the residence, and Defendant declined to discuss whether there may be the presence of additional firearms at the residence. Dkt. 11, 32. Defendant attempted to conceal his connections to Mexico by stating that his six siblings lived in California and his parents were deceased, but his spouse stated that five of his six siblings and his mother reside in Mexico. Dkt. 11.

The nature and circumstances of the offense, and Defendant's attempt to conceal his

---

[1] A Court deciding a detention issue is to consider the following factors: (1) the "nature and circumstances of the offense charged," (2) the "weight of the evidence against" the defendant, (3) the "history and characteristics" of the defendant, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).


significant connections to Mexico, establish that Defendant cannot overcome the presumption that he is both a risk of flight[2] and a danger to the community.

The motion is DENIED.

DATED this 14th day of September, 2021.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge

---

[2] Congress has determined that persons charged with major drug offenses often have the foreign ties and resources necessary to escape with ease, and intended magistrate judges to take account of the general rule that drug offenders pose a special risk of flight.  *United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 241 (D.P.R. 2009)(internal citations omitted), citing *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir.1985).